UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACCELEPRISE ACCELERATOR FUND III, L.P., a Delaware Limited Partnership,<br><br>*Plaintiff*,<br><br>v.<br><br>ALETHEA TECH PTE LTD, a Singapore Private Limited Company,<br><br>*Defendant.* | Civil Action No.: |

**DEFENDANT'S NOTICE OF REMOVAL
OF ACTION UNDER 28 U.S.C. § 1441(B)**

Defendant Alethea Tech PTE Ltd, a Singapore Private Limited Company ("Alethea" or "Defendant"), by and through its undersigned counsel, hereby submits notice of the removal of the above captioned action from the Supreme Court of the State of New York, County of New York, Index No. 654374/2024 (the "State Action") to the United States District Court for the Southern District of New York. In support of this Notice of Removal, Defendant states as follows:

**I.   REMOVAL IS PROPER AND TIMELY**

1. On August 23, 2024, Acceleprise Accelerator Fund III, L.P., a Delaware Limited Partnership ("Plaintiff") filed a complaint against Defendant Alethea in the Supreme Court for the State of New York, County of New York with the caption of *Acceleprise Accelerator Fund III, L.P., a Delaware Limited Partnership vs. Alethea Tech PTE Ltd, a Singapore Private Limited Company,* Index No. 654374/2024 ("Complaint"). Plaintiff's Complaint is attached hereto as **Exhibit A**.

2.  Due to the fact that Defendant is a foreign entity, Plaintiff proceeded with service via the Hague Convention and the laws of Singapore.

3.  As such, Plaintiff did not receive the Complaint in Singapore until February 18, 2025. *See* Certification of Alethea's CEO, incorporated herein and attached hereto as **Exhibit B**.

4.  Pursuant to 28 U.S.C. § 1446(b)(1), the Defendant has 30 days within which to remove the State Action to the federal district court embracing the district in which the State Court Action is pending after receipt or service of the initial pleading thereof.

5.  The Defendant's Notice of Removal is therefore due on or before March 20, 2025.

6.  The Complaint is the "initial pleading setting forth the claim for relief upon which [this] action or proceeding is based." 28 U.S.C. § 1446(b)(1).

7.  This Notice of Removal is therefore timely filed.

8.  No previous Notice of Removal of the State Court Action has been filed.

9.  Per 28 U.S.C. § 1446(a), Exhibit A constitutes the only process, pleadings, or orders present so far in this matter.

10. Venue is proper under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(a), because the Plaintiff and Defendant are citizens of different states.

11. According to the Complaint Plaintiff is a Delaware limited partnership. *See* Compl. ¶ 14.

12. The Complaint also references Plaintiff's management company as Forum Ventures, LLC ("Forum"), a foreign LLC located in New York which also conducts business in New York as Forum Ventures Managements Services, LLC, within the United States District Court for the Southern District of New York, the federal court embracing the place where the State Court Action is pending. *See* Compl. ¶¶ 1 & 15.

13. Defendant is a Singapore Private Limited Company. *See* Compl. ¶ 16.

14. The Defendant seeks removal based on 28 U.S.C. §§ 1332, 1441, and 1446.

## II. THIS COURT HAS DIVERSITY JURISDICTION

15. Removal of this Action is proper under 28 U.S.C. § 1441. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is a civil action between a citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. There is Complete Diversity between the Parties.

16. Federal district courts have jurisdiction over civil actions where the amount in controversy exceeds $75,000.00 exclusive of interest and costs and where the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

17. Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant. *Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 553 (2005); *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 53 (2d Cir. 2019).

18. For purposes of 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

19. Also, for purposes of diversity citizenship a limited liability company, "takes the citizenship of all of its members." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019).

20. "For the purposes of diversity jurisdiction, a partnership takes the citizenship of all of its partners." *Platinum-Montaur*, 943 F.3d at 615 (citing *Carden v. Arkoma Assocs.*, 494 U.S.

185, 195–96 (1990) and stating party took on citizenship of each of its approximately 220 limited partners).

21. At all times relevant to the Action, Plaintiff's management company was and remains an entity that is located in and does business in the State of New York. Compl. ¶¶ 1&15.

22. Defendant's business is not located in the State of New York.

23. Defendant is a private limited company formed in Singapore with a principal place of business at 70 Shenton Way, #11-01, Eon Shenton, Singapore 079118. *See* Exhibit B ¶¶ 2-3.

24. The sole owner of Alethea Tech Pte Ltd is Arif Khan, a citizen of Singapore. *See* Exhibit B ¶¶ 1&4.

25. Accordingly, Defendant Alethea's principal place of business is located in 70 Shenton Way, #11-01, Eon Shenton, Singapore 079118 and does not share any citizenship with Plaintiff.

26. Therefore, there is complete diversity, because Plaintiff, on the one hand, and Defendant, on the other hand, are citizens of different states and or countries. 28 U.S.C. § 1332; 28 U.S.C. § 1441(b).

**B. The Amount in Controversy Requirement is Satisfied.**

27. Federal district courts have jurisdiction over civil actions where the amount in controversy exceeds $75,000.00 exclusive of interest and costs and where the action is between a citizen of a state and a citizen or subject of a foreign state. 28 U.S.C. § 1332(a)(2).

28. Plaintiff seeks damages under Delaware Law and/or New York Law for the following claims against Defendant: Breach of Contract and Conversion.

29. In its Complaint, Plaintiff specifically seeks approximately four million dollars in damages from Defendant. *See* Compl. ¶¶ 67 & 73.

30. Accordingly, the Complaint is clear that Plaintiff seeks damages in excess of $75,000. *See id.*

31. Furthermore, the amount-in-controversy requirement is satisfied when there appears a "reasonable probability" that that claim is in excess of the statutory jurisdictional amount. *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 304–05 (2d Cir. 1994) (citing *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994)).

32. "A federal court considering the propriety of the removal should generally evaluate the existence of the amount in controversy, like any jurisdictional fact, 'on the basis of the pleadings, viewed at the time when the defendant files the notice of removal.'" *Harries v. Caterpillar, Inc.*, No. CV 07-3719 NG JO, 2007 WL 2683680, *1 (E.D.N.Y. Sept. 7, 2007) (citations omitted). If the complaint fails to set up the amount in controversy, the court may look to the petition for removal. *See Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir. 1957).

33. Here, as the Plaintiff claims that its "damages to be approximately $4 million, plus statutory interest pursuant to Delaware Code Title 6 §2301. *See* Compl. ¶¶ 67 & 73.

### III.    NOTICE IS BEING SENT TO PLAINTIFF AND FILED IN STATE COURT

34. After filing this Notice of Removal, Defendant will promptly serve written notice of this Notice of Removal on counsel for Plaintiff and file the same with the Clerk of the Supreme Court of New York, New York County, in accordance with 28 U.S.C. § 1446(d).

### IV.    NON-WAIVER OF DEFENSES

35. By removing this action from the Supreme Court of New York, Defendant does not waive any defenses available to it.

36. By removing this action from the Supreme Court of New York, Defendant does not admit any of the allegations in Plaintiff's complaint.

**WHEREFORE**, the Defendant respectfully requests that the Action proceed in this Court, the United States District Court for the Southern District of New York, as an action properly removed to it.

Respectfully Submitted,

Dated: March 10, 2025

*/s/ Barry L. Cohen*
Barry L. Cohen, Esquire
Royer Cooper Cohen Braunfeld LLC
Three Logan Square
1717 Arch Street, 47th Floor
Philadelphia, PA 19103
484-362-2628 (tel)
484-362-2630 (fax)
bcohen@rccblaw.com

*Attorneys for Defendant,* Alethea Tech PTE, Ltd., a Singapore Private Limited Company

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACCELEPRISE ACCELERATOR FUND III, L.P., a Delaware Limited Partnership, *Plaintiff*, v. ALETHEA TECH PTE LTD, a Singapore Private Limited Company, *Defendant*. | Civil Action No.: |

## CERTIFICATE OF SERVICE

I, Barry L. Cohen, Esquire, do hereby certify that I caused a true and correct copy of the foregoing Memorandum of Law to be filed with the Court on the date set forth below and served upon all counsel of record via electronic mail, as follows:

Douglas S. Curran, Esquire
Anderson Kill P.C.
7 Times Square, 15th Floor
New York, NY 10018
Email: dcurran@andersonkill.com

Dated: March 10, 2025

*/s/ Barry L. Cohen*
Barry L. Cohen, Esquire