**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ACCELEPRISE ACCELERATOR FUND III, L.P., a
Delaware Limited Partnership,

<em>Plaintiff</em>,

v.

ALETHEA TECH PTE LTD, a Singapore Private
Limited Company,

<em>Defendant</em>.

Case No. 1:25-cv-02066

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION TO REMAND AND FOR REIMBURSEMENT OF**
<u>**REASONABLE ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1447(c)**</u>

**ANDERSON KILL P.C.**
7 Times Square, 15th Floor
New York, NY 10036

*Attorneys for Plaintiff Acceleprise*
*Accelerator Fund III, L.P.*

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTS .................................................................................................................................... 3

      A.      Acceleprise Files Suit in New York State Court Because Complete Diversity
             Does Not Exist .............................................................................................. 3

      B.      Acceleprise Completes Service Through the Hague Service Convention ............. 3

      C.      Alethea Improperly Removes the Case to This Court ............................................ 4

      D.      Acceleprise Repeatedly Informs Alethea That Diversity Does Not Exist, But
             Alethea Refuses to Voluntarily Remand the Action to State Court ...................... 4

      E.      Alethea Demands Further Information and Refuses to Voluntarily Remand the
             Action to State Court .............................................................................................. 6

ARGUMENT ........................................................................................................................... 8

I.      THIS CASE MUST BE REMANDED TO NEW YORK STATE COURT BECAUSE
       COMPLETE DIVERSITY OF CITIZENSHIP AMONG THE PARTIES DOES NOT
       EXIST ............................................................................................................................ 8

II.     ALETHEA SHOULD REIMBURSE ACCELEPRISE'S ATTORNEYS' FEES
       INCURRED IN FILING THIS MOTION ................................................................... 11

CONCLUSION ....................................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arabesque v. Capacity LLC*,
 2008 WL 681459 (S.D.N.Y. Mar. 10, 2008) .........................................................................12

*Axelrod v. Klein*,
 2016 WL 6330433 (S.D.N.Y. Oct. 28, 2016) ........................................................................14

*Coudert Bros. v. Easyfind Int'l, Inc.*,
 601 F. Supp. 525 (S.D.N.Y. 1985) ..........................................................................................9

*Dacey v. Morgan Stanley Dean Witter & Co.*,
 263 F.Supp.2d 706 (S.D.N.Y.2003).......................................................................................12

*Dunkin Donuts of America v. Family Enterprises Inc.*,
 381 F.Supp. 371 (D. Md. 1974).............................................................................................12

*Elmaliach v. Bank of China Ltd.*,
 2010 WL 1172829 (S.D.N.Y. Mar. 26, 2010) .........................................................................9

*Freeman v. Stake.com*,
 2023 WL 4187574 (S.D.N.Y. June 26, 2023) ..........................................................................9

*Frontier Park Co., LLC v. Contreras*,
 35 F. Supp. 3d 264 (E.D.N.Y. 2014) .....................................................................................14

*G & H Partners AG v. Wextrust Capital, LLC*,
 2008 WL 65102 (S.D.N.Y. Jan. 4, 2008) ...............................................................................12

*Herrick Co. v. SCS Commc'ns, Inc.*,
 251 F.3d 315 (2d Cir. 2001)...................................................................................................10

*Hines v. Azoth Inv. SPC Ltd.*,
 2022 WL 683996 (S.D.N.Y. Mar. 8, 2022) ..............................................................................8

*Ivan v. Interactive Brokers LLC*,
 2023 WL 5509068 (S.D.N.Y. Aug. 25, 2023)...........................................................................9

*Liu v. Chang*,
 2024 WL 5135738 (S.D.N.Y. Dec. 17, 2024) ..........................................................................6

*Martin v. Franklin Capital Corp.*,
 546 U.S. 132 (2005)................................................................................................................12

# TABLE OF AUTHORITIES
## *(continued)*

**Page(s)**

*Nam Soon Jeon v. Island Colony Partners,*
   892 F. Supp. 2d 1234 (D. Haw. 2012) ......................................................................................9

*Page v. Democratic Nat'l Comm.,*
   2 F.4th 630 (7th Cir. 2021*)* ...................................................................................................10

*Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.,*
   943 F.3d 613 (2d Cir. 2019)...................................................................................3, 9, 10, 11

*Ret. Sys. v. Morgan Stanley & Co.,*
   772 F.3d 111 (2d Cir. 2014)....................................................................................................8

*Syms, Inc. v. IBI Sec. Serv., Inc.,*
   586 F. Supp. 53 (S.D.N.Y. 1984) .........................................................................................12

*Univ. Licensing Corp. v. Paola del Lungo S.p.A.,*
   293 F.3d 579 (2d Cir. 2002)........................................................................................8, 9, 10

*Vasura v. Acands,*
   84 F. Supp. 2d 531 (S.D.N.Y. 2000)......................................................................................6

**Statutes**

28 U.S.C. § 1332...........................................................................................................2, 9, 10

28 U.S.C. § 1441(b) ...............................................................................................5, 8, 9, 10

28 U.S.C. § 1446(a) ..........................................................................................................8, 13

28 U.S.C. § 1447(c) .............................................................................................................2, 11

**Other Authorities**

Fed. R. Civ. P. 11(b) .....................................................................................................5, 8, 13

Plaintiff Acceleprise Accelerator Fund III, L.P. ("Acceleprise") respectfully submits this memorandum of law in support of its motion to remand.

## PRELIMINARY STATEMENT

Plaintiff Acceleprise filed this lawsuit to recover damages caused by the wrongful refusal of Defendant Alethea Tech PTE LTD ("Alethea") to distribute to Acceleprise certain dividends under the parties' contract. Acceleprise invested substantial capital in Alethea, and in exchange it received, among other things, the bargained-for right to participate in any non-share dividends that Alethea distributed to other shareholders, including the distribution of cryptocurrency tokens. Despite this contractual right, Alethea wrongfully excluded Acceleprise from participating in the distribution of certain ALI digital tokens, even as Alethea's founders caused Alethea to distribute those tokens to themselves. Alethea's breach caused Acceleprise millions of dollars in damages.

On August 23, 2024, Acceleprise sued Alethea in the Supreme Court for the State of New York, New York County, in an action captioned *Acceleprise Accelerator Fund III, L.P. vs. Alethea Tech PTE Ltd,* Index No. 654374/2024. ("Complaint," ECF Doc. 1-1.) Although Acceleprise is a Delaware-formed limited partnership and Alethea is based in Singapore, Acceleprise sued in New York state court because complete diversity does not exist between the parties. In particular, one of Acceleprise's limited partners is a Canadian citizen residing in Canada, such that Acceleprise is also a Canadian citizen for diversity purposes and is therefore not diverse from Alethea.

Counsel for Acceleprise has been in contact with U.S. counsel for Alethea for months, including as Acceleprise sought to negotiate a waiver of service in exchange for an extended time to respond to the complaint, given that Alethea is based abroad. Alethea refused that

waiver, such that Acceleprise was required to effect formal service through the Hague Service Convention, which took months to complete. Alethea was finally served by the Singapore authorities in February 2025.

On March 12, 2025, without conferring with Acceleprise, Defendant Alethea purported to remove this case from New York Supreme Court to this Court. The sole basis for Alethea's attempted removal is purported diversity among the parties under 28 U.S.C. § 1332. (*See* Notice of Removal, ECF 1.) Alethea's attempt to remove this action is not proper because complete diversity does not exist, given that Alethea is a non-U.S. party, and the citizenship of Acceleprise's non-U.S. partner is attributed to Acceleprise for diversity purposes.

Acceleprise promptly informed Alethea of this jurisdictional defect and asked that it voluntarily remand the case to New York state court. In doing so, Acceleprise also provided information about the foreign partner in question from Acceleprise's business records, and it provided a sworn declaration and written attorney representations regarding that partner's citizenship and residence. Alethea has nevertheless refused to voluntarily remand the case, demanding still further information and assurances—all despite having been informed that Alethea filed the Notice of Removal in violation of federal law and without first completing a sufficient factual investigation as required by the Federal Rules. Moreover, the Notice of Removal itself does not contain any allegations regarding the citizenship of Acceleprise's partners, despite Alethea acknowledging, as it must, that the partnership's citizenship depends on the citizenship of each of its individual partners. (*See* Notice of Removal ¶¶ 20–21.)

Acceleprise therefore requests that this Court remand the case to the Supreme Court of the State of New York, as this Court lacks subject-matter jurisdiction. Acceleprise further requests an award of costs and attorneys' fees associated with this application pursuant to 28

U.S.C. § 1447(c).  Such an award is appropriate because (i) no "objectively reasonable" basis for removal exists, (ii) Alethea filed the removal without completing a sufficient investigation under the Federal Rules, and (iii) Acceleprise afforded Alethea substantial and repeated opportunities to voluntarily correct its error and remand the case, so Acceleprise could avoid incurring the costs and fees associated with this filing, but Alethea refused.

<u>FACTS</u>

**A. Acceleprise Files Suit in New York State Court Because Complete Diversity Does Not Exist**

Plaintiff Acceleprise is a Delaware limited partnership.  (Compl., ECF 1-1, ¶ 14.)  One of Acceleprise's limited partners is a Canadian citizen residing in British Columbia, Canada.  (Decl. of Navid Wheeler ("Wheeler Decl."), ¶¶ 3–4.)  That partner's citizenship is attributed to Acceleprise for diversity jurisdictional purposes, such that Acceleprise is likewise a citizen of, among other jurisdictions, Canada.  *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 615 (2d Cir. 2019) ("For the purposes of diversity jurisdiction, a partnership takes the citizenship of all of its partners.").

On August 23, 2024, Acceleprise filed a complaint against Alethea in the Supreme Court for the State of New York, New York County captioned, *Acceleprise Accelerator Fund III v. Alethea Tech PTE Ltd,* Index No. 654374/2024 ("Complaint") (ECF Doc. 1-1).  (Declaration of Douglas S. Curran ("Curran Decl."), ¶ 1.)  Acceleprise filed in New York State court rather than in this Court because complete diversity does not exist between the parties.  (*Id.*)

**B. Acceleprise Completes Service Through the Hague Service Convention**

After filing the Complaint and securing the summons, Acceleprise attempted both to secure a service wavier from Alethea and to serve process on any U.S.-based corporate representatives of Alethea.  (*Id.* ¶¶ 3–4.)  When both of those efforts were unsuccessful,

Acceleprise formally served process on Alethea in Singapore, where it is based, through the Hague Service Convention. (*Id.*) Service was completed on Alethea by the Singapore Central Authority in February 2025. (*Id.* ¶ 6.) Throughout the period during which Acceleprise pursued service of the Complaint and summons, Acceleprise's counsel was in contact with Alethea's U.S.-based counsel by email and telephone. (*Id.* ¶¶ 3–5.)

### C. Alethea Improperly Removes the Case to This Court

Following service of process, Alethea purported to remove this case from New York Supreme Court to this Court on March 12, 2025. (*See* Notice of Removal, ECF Doc. 1.) Alethea did not inform Acceleprise or its counsel that it intended to remove the case prior to filing its notice of removal, nor did Alethea or its counsel seek any information from Acceleprise regarding the citizenship of Acceleprise's partners. (Curran Decl. ¶ 8.) This despite the fact that counsel for the parties had been in contact with one another for more than five months at the time. (*See id.* ¶¶ 3–5.)

### D. Acceleprise Repeatedly Informs Alethea That Diversity Does Not Exist, But Alethea Refuses to Voluntarily Remand the Action to State Court

On March 13, 2025, the day after Alethea's removal of the action, counsel for Acceleprise contacted counsel for Alethea to inform Alethea that the removal was improper, as one of Acceleprise's limited partners was a Canadian citizen. (*Id.* ¶ 9.) Acceleprise requested that Alethea withdraw the notice of removal because there was not complete diversity among the parties. (*Id.*) Acceleprise's counsel confirmed that phone call with an email, stating:

> To confirm, one of the limited partners of the plaintiff Acceleprise Accelerator Fund III, LP is a Canadian citizen, such that there is not complete diversity between the parties under 1332. We'd prefer not to litigate the issue and that Alethea instead voluntarily request that SDNY remand the case to NY Supreme.

(*Id.* ¶ 9 & Ex. A.)

4

On March 17, 2025, Alethea responded by belatedly seeking to conduct the factual investigation that it was obligated to complete prior to representing to this Court that complete diversity existed between the parties.  (*Id.* ¶ 10.); *see* Fed. R. Civ. P. 11(b).  In particular, Alethea requested that Acceleprise provide "proof or evidence related to Acceleprise having a partner/member who is a Canadian citizen."  (Curran Decl. ¶ 10 & Ex. B.)  Acceleprise responded by providing a business-record spreadsheet on March 19, which showed the citizenship and residence of Acceleprise's partners "as of 08/23/2024"—that is, the date Acceleprise filed the complaint in New York state court.  (*Id.* ¶ 11 & Ex. B at PDF p. 3.)  That document identified one of the limited partners as a Canadian citizen residing in Canada.  (*Id.*)

Alethea reviewed that spreadsheet, but requested additional information from Acceleprise, including a declaration reciting the key jurisdictional and citizenship information. (*Id.* ¶ 12.)  Acceleprise provided that sworn declaration on March 25, 2025, which was made by the General Counsel of Forum Ventures, LLC, which is an affiliate of both plaintiff Acceleprise and Acceleprise's manager, Forum Ventures Management, LLC.  (*Id.* ¶ 13 & Ex. C.)  It stated, in relevant part:

> 2.  Acceleprise is a limited partnership formed under the laws of Delaware.  It has one general partner and several limited partners.
>
> 3.  One of those limited partners is an individual who is a Canadian citizen.  That individual resides in British Columbia, Canada.

(*Id.* ¶ 14 & Ex. C at PDF p. 2.)  These sworn statements, supported by the spreadsheet that Acceleprise had already produced from its own business records, showed with no doubt that complete diversity did not and does not exist, such that Alethea's removal was improper under 28 U.S.C. § 1441(b).

**E. Alethea Demands Further Information and Refuses to Voluntarily Remand the Action to State Court**

Despite this sworn statement, Alethea still refused to voluntarily remand the case back to New York state court.  Instead, on March 28, 2025, Alethea insisted on still further information.  (*Id.* ¶ 15.)  In particular, Alethea requested additional "proof or sufficient acknowledgement" concerning the limited partner's status as a Canadian citizen and partner of Acceleprise, none of which were or are required to show that diversity does not exist.

Alethea first asked for "proof" that the partner in question "[w]as an existing LP and a Canadian citizen at the time the Complaint was filed."  (*Id.* ¶ 17.)  But this demand sought unnecessary information, because if diversity does not exist at the time of removal, the case must be remanded regardless of whether diversity existed at the time the lawsuit was filed.  *See Liu v. Chang*, 2024 WL 5135738, at *2 (S.D.N.Y. Dec. 17, 2024) (ruling a case is not removable unless complete diversity existed at both the time of removal and the time the complaint was filed in state court); *Vasura v. Acands*, 84 F. Supp. 2d 531, 535 (S.D.N.Y. 2000) ("If the record in the present case does not reflect diversity at both stages, removal was improper and the case must be remanded.").  In all events, the business-record spreadsheet that Acceleprise had already provided to Alethea states on its face that it was accurate "as of" August 23, 2024—i.e., the day the complaint was filed in New York state court—which precisely provides the further "proof" Alethea insisted on.

Alethea next asked for "proof" that "[s]uch Canadian LP remains at present an LP."  (*Id.* ¶ 18.)  But this demand was also without basis, as this exact fact is expressly stated by the declaration that Acceleprise provided.  That declaration states, "One of those limited partners **is** an individual who **is** a Canadian citizen."  (*Id.* Ex. C at 2 (emphasis added).)  Those present-tense verbs mean that the individual in question continued to be both a partner and a Canadian citizen

6

from the time the complaint was filed in August 2024 through to the date of the declaration, March 24, 2025, which post-dated Alethea's improper removal. (*Id.* Ex. C at 2 (emphasis added).)

Alethea finally asked for "proof" "[s]pecifically that such Canadian LP was and remains an LP of Fund III." (*Id.* ¶ 19.) This fact, too, is expressly stated by the declaration that Acceleprise provided. That declaration defines "Acceleprise" to mean "Acceleprise Accelerator Fund III, L.P.," which is the "Fund III" that Alethea referred to. (*Id.*) It then stated, as noted above, that "one of" the partners of "Acceleprise"—i.e., Acceleprise Accelerator Fund III, L.P.—is a Canadian citizen. (*Id.*) There was no further information that Alethea needed to determine that its Notice of Removal was not proper.

Acceleprise responded to Alethea on that same day, March 28, 2025, addressing each of Alethea's unwarranted requests for further "proof" and reiterating the request to voluntarily remand the case back to state court. (*Id.* ¶ 20.) Acceleprise also stated:

> [Alethea] filed an improper removal without doing the barest investigation as to whether full diversity existed, as the federal rules require. The law is plain that LPs are assigned the citizenship of each of their members, but [Alethea] did nothing to gather any such information prior to filing, and it instead made incorrect factual representations to the court. Indeed, [Alethea] did not even call or email us -- even though we had exchanged several emails with [Alethea's counsel] by that point -- before submitting it.
>
> We provided [Alethea] the courtesy of informing [it] of the error and allowing Alethea an opportunity to correct it. We have now had multiple calls, exchanged multiple emails, and sent [Alethea] a sworn declaration regarding the foreign LP that destroys diversity.

(*Id.* ¶ 20 & Ex. C at 1.) Acceleprise nevertheless provided still further assurance through a written attorney representation:

> Nevertheless, as counsel of record, I can again confirm, this time in writing, that the foreign LP in question was an LP at the time we

7

filed the complaint, at the time [Alethea] wrongly removed, and still today. As I told you on the phone, that is the reason we filed in NY Supreme rather than in SDNY, which does not have subject matter jurisdiction.

(*Id.* ¶ 21 & Ex. C at 1.)  During a follow-up telephone conversation, Alethea indicated that it would consider Acceleprise's additional information.  (*Id.* ¶ 22.)  Alethea also claimed that it was not obligated to perform any particular factual investigation prior to removing the case to this Court, despite the fact that § 1446(a) requires the notice of removal to be "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure."  28 U.S.C. § 1446(a).

Alethea finally confirmed by email on April 2, 2025, that it would not agree to remand the action to New York state court, despite the information and explanation that Acceleprise voluntarily provided, and despite Alethea's failure to allege that diversity exists.  (Curran Decl. ¶ 24.)  Acceleprise has therefore been forced to incur the costs and fees necessary to prepare and submit this Motion to Remand.

## **ARGUMENT**

### I.    **THIS CASE MUST BE REMANDED TO NEW YORK STATE COURT BECAUSE COMPLETE DIVERSITY OF CITIZENSHIP AMONG THE PARTIES DOES NOT EXIST**

This case must be remanded to New York state court because this Court does not have subject-matter jurisdiction over the dispute.

Complete diversity of citizenship between all parties must exist to remove a case to federal court under § 1441(b).  *Hines v. Azoth Inv. SPC Ltd.*, 2022 WL 683996 (S.D.N.Y. Mar. 8, 2022); *see also Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014).  Complete diversity is lacking "where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." *Univ. Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002).  The

existence of foreign parties on both sides of a lawsuit destroys diversity even if they are from different foreign countries. *Elmaliach v. Bank of China Ltd.*, 2010 WL 1172829, at *11 (S.D.N.Y. Mar. 26, 2010) (finding lack of diversity and thus no subject matter jurisdiction when plaintiffs and defendant were citizens of different foreign nations, and remanding to New York state court).

When one of the parties to a lawsuit filed under § 1332 or removed under § 1441(b) is a partnership, courts must consider whether each partner of that partnership is diverse from each opposing party, because "[f]or the purposes of diversity jurisdiction, a partnership takes the citizenship of all of its partners." *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 615. As a result, complete diversity is destroyed when a partner in a partnership is a foreign citizen and the opposing party is a foreign entity. *See Univ. Licensing Corp.*, 293 F.3d at 581 (holding no diversity on "one side there are citizens and aliens and on the opposite side there are only aliens"); *Nam Soon Jeon v. Island Colony Partners*, 892 F. Supp. 2d 1234, 1239 (D. Haw. 2012) (finding no diversity where Korean plaintiff sued limited partnership with foreign partners); *see also Ivan v. Interactive Brokers LLC*, 2023 WL 5509068, at *2 (S.D.N.Y. Aug. 25, 2023), *aff'd* 2024 WL 5113002 (2d Cir. Dec. 16, 2024) (finding no diversity where Romanian plaintiff sued an LLC defendant that had a foreign member, because that member's citizenship is imputed to the LLC for diversity purposes).

Moreover, even if a partner of a plaintiff partnership is a U.S. citizen residing abroad rather than a foreign citizen, there still is no diversity between that partnership and a foreign defendant. *See Freeman v. Stake.com*, 2023 WL 4187574, at *4 (S.D.N.Y. June 26, 2023) (holding that diversity of citizenship was destroyed where a partner of defendant entity was a U.S. citizen domiciled abroad); *Coudert Bros. v. Easyfind Int'l, Inc.*, 601 F. Supp. 525, 526–27

(S.D.N.Y. 1985) (finding diversity jurisdiction lacking where members of a partnership included U.S. citizens domiciled abroad). That is because U.S. citizens residing abroad are "stateless" for diversity purposes, and are therefore outside of the scope of § 1332. *See Page v. Democratic Nat'l Comm.,* 2 F.4th 630, 637 (7th Cir. 2021*)* ("[A] partnership made up of at least one stateless citizen is itself stateless and cannot be sued in diversity.").

Further, as a matter of both pleading and proof, "it is well established that the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (alteration and quotation marks omitted). When a case comes before a federal court pursuant to § 1441(b), the "burden to establish the existence of diversity jurisdiction" thus falls to the party who files the notice of removal. *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 618.

Here, Defendant Alethea cannot satisfy its burden of demonstrating that complete diversity exists between the parties. *See Herrick Co.*, 251 F.3d at 322. Plaintiff Acceleprise is a limited partnership, such that the citizenship of every partner is imputed to it for purposes of determining whether diversity of citizenship under § 1332 exists. *See Page*, 2 F.4th at 637. One of Acceleprise's partners is a Canadian citizen residing in British Columbia, Canada. (Wheeler Decl. ¶¶ 3–4.) Acceleprise is therefore a foreign entity. Defendant Alethea is also a foreign entity, according to both the Complaint and Alethea's own removal papers. (Compl., ECF 1-1, ¶ 16; Notice of Removal, ECF 1, ¶ 23.) Therefore, diversity of citizenship under § 1332 does not exist and the removal of this action from state court to federal court is improper. *See Univ. Licensing Corp.*, 293 F.3d at 581.

Moreover, Alethea acknowledges in its removal notice that "[f]or the purposes of diversity jurisdiction, a partnership takes the citizenship of all of its partners," (Notice of Removal, ECF 1, ¶ 20). But it does not even attempt to allege or otherwise identify the citizenship of Acceleprise's partners. Indeed, the only relevant allegation it includes regarding Acceleprise's citizenship is: "At all times relevant to the Action, Plaintiff's management company was and remains an entity that is located in and does business in the State of New York." (*Id.* ¶ 21.) The formation and place of business of a limited partnership's management company does not have any bearing on the citizenship of the limited partnership itself, as Alethea's own authorities demonstrate. (*See id.* ¶ 20.) Alethea's failure to carry its burden of even alleging—let alone proving—diversity of jurisdiction provides an independent basis to remand the case to state court. *See Platinum-Montaur*, 943 F.3d at 618 (holding "burden to establish the existence of diversity jurisdiction" falls to the removing party).

For these reasons, the case must be remanded. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

## II.    ALETHEA SHOULD REIMBURSE ACCELEPRISE'S ATTORNEYS' FEES INCURRED IN FILING THIS MOTION

Alethea has failed to adequately allege or otherwise demonstrate that this Court has subject-matter jurisdiction, and it refused to voluntarily remand the action even after Acceleprise informed it of that defect, provided jurisdictional information, and afforded Alethea several opportunities to correct its error. Acceleprise was therefore forced to incur substantial attorneys' fees in preparing and filing these papers, which fairness and equity dictate Alethea should be ordered to reimburse.

11

Section 1447(c) permits a remanding court to award costs and attorneys' fees to the plaintiff when it is in the interest of justice to do so. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). The U.S. Supreme Court has held that under this section a court may award attorneys' fees to a plaintiff when the defendant seeking to remove an action lacks an "objectively reasonable" basis to do so. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A showing of bad faith is not required. *Arabesque v. Capacity LLC*, 2008 WL 681459, at *2 (S.D.N.Y. Mar. 10, 2008) ("Bad faith on the part of the removing party is not necessary in order for the non-removing party to recover fees."). Indeed, "the Second Circuit has emphasized the objective nature of the inquiry, observing that the statute authorizing recuperation of fees and costs incurred in defending against removal actions 'makes no reference at all to the state of mind or intent of the party removing the action, instead focusing . . . on the mere absence of subject matter jurisdiction.'" *G & H Partners AG v. Wextrust Capital, LLC*, 2008 WL 65102, at *2 (S.D.N.Y. Jan. 4, 2008) (quoting *Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 923 (2d Cir.1992)). In determining whether to award costs and attorneys' fees incurred in connection with a defendant's improper removal, "courts apply a test of overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties." *Dacey v. Morgan Stanley Dean Witter & Co.*, 263 F.Supp.2d 706, 712 (S.D.N.Y.2003).

Here, Alethea does not have and has never had a reasonable basis for removal, because the purported removal was "predicated on a diversity of citizenship that clearly does not exist." *See Syms, Inc. v. IBI Sec. Serv., Inc.*, 586 F. Supp. 53 (S.D.N.Y. 1984) (citing *Zimmerman v. Conrail*, 550 F.Supp. 84, 87 (S.D.N.Y.1982)); *Dunkin Donuts of America v. Family Enterprises Inc.,* 381 F.Supp. 371, 373 (D. Md. 1974). Among other things, Alethea failed to conduct any

investigation prior to submitting the removal notice, even though Alethea's counsel had been in contact with Acceleprise's counsel for months prior to removing.  (Curran Decl. ¶¶ 3–5.) Indeed, Alethea disclaimed the obligation to perform any such factual investigation prior to filing, despite the plain language of § 1446 incorporating the "reasonable inquiry" obligations of Federal Rule of Civil Procedure 11.  *See* § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . . . ."); Fed. R. Civ. P. 11(b) (mandating the conduct of "an inquiry reasonable under the circumstances" prior to filing); (*see also* Curran Decl. ¶ 22.)  This improper lack of inquiry is reflected by the fact that Alethea's removal notice does not even attempt to allege the citizenship of Acceleprise's partners.  It instead discusses the place of business of Acceleprise's manager—even though Alethea itself acknowledges that the existence (or not) of diversity jurisdiction depends on the citizenship of each of Acceleprise's individual partners, not its manager.  (*See* Notice of Removal, ECF 1, ¶¶ 20–21.)

An award of costs and attorneys' fees is also warranted in this case because, on several occasions over the course of weeks, Acceleprise voluntarily provided additional information regarding the lack of diversity jurisdiction, and it afforded Alethea several opportunities to remedy its error by voluntarily remanding the case to state court.   Among other things, Acceleprise provided business records showing the foreign citizenship of one of its partners, a sworn declaration from Acceleprise regarding the same information, and both oral and written attorney representations stating that no diversity existed.  (Curran Decl. ¶¶ 9–21.)  Acceleprise even conveyed to Alethea that the reason it did not file the lawsuit in federal court is because no such diversity jurisdiction exists.  (*Id.* ¶¶ 21 & 22.)  Alethea still refused to voluntarily remand the case.

As a result of Alethea's refusal to voluntarily correct its error, Acceleprise has been forced to incur at least $25,978 in attorneys' fees in responding to Alethea's improper removal as of the date of this filing, which reflects 31.8 billable hours.  (*Id.* ¶ 25.)  Courts in this Circuit have found that similar billable hours were reasonable when examining whether to award attorneys' fees for "objectively unreasonable" removal notices.  *Axelrod v. Klein*, 2016 WL 6330433, at *3 (S.D.N.Y. Oct. 28, 2016) (finding 21.7 total hours spent on motion to remand was reasonable); *Frontier Park Co., LLC v. Contreras*, 35 F. Supp. 3d 264, 273–74 (E.D.N.Y. 2014) (awarding fees for 26.4 hours on motion to remand where "issues involved were not particularly complex").  To the extent the fees Acceleprise incurred are marginally higher than those approved in *Axelrod* and *Frontier Park*, that is due to the attorney time required to respond to Alethea's unwarranted and escalating information requests before Alethea finally confirmed on April 1, 2025 that it would not voluntarily remand the case.

Accordingly, in addition to remanding this action to New York state court, this Court should order Alethea to reimburse the attorneys' fees that Acceleprise was unreasonably forced to incur in connection with Alethea's improper removal and its refusal to remedy that error.

## <u>CONCLUSION</u>

For the foregoing reasons, Acceleprise's motion to remand should be granted and its attorneys' fees should be reimbursed by Alethea.

14

Dated:    April 9, 2025                Respectfully submitted,
          New York, New York

                                       **ANDERSON KILL P.C.**

                                       By:  */s/ Douglas S. Curran*

                                            Douglas S. Curran, Esq.
                                            Joshua A. Zelen, Esq.
                                            7 Times Square, 15th Floor
                                            New York, NY 10036
                                            Tel: (212) 278-1000
                                            Fax: (212) 278-1733
                                            dcurran@andersonkill.com
                                            jzelen@andersonkill.com

                                            *Attorneys for Plaintiff Acceleprise*
                                            *Accelerator Fund III, L.P.*

15