## UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACCELEPRISE ACCELERATOR FUND III, L.P., a Delaware Limited Partnership, | : |
| | : |
| *Plaintiff,* | : |
| | : |
| v. | : Civil Action No.: 25-02066 |
| | : |
| ALETHEA TECH PTE LTD, a Singapore Private Limited Company, | : |
| | : |
| *Defendant.* | : |
| | : |

## MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION TO REMAND AND FOR REIMBURSEMENT OF REASONABLE ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1447

**ROYER COOPER COHEN BRAUNFELD LLC**

Dated: April 23, 2025

*/s/ Barry L. Cohen*
Barry L. Cohen, Esquire
Royer Cooper Cohen Braunfeld LLC
Three Logan Square
1717 Arch Street, 47th Floor
Philadelphia, PA 19103
484-362-2628 (tel)
484-362-2630 (fax)
bcohen@rccblaw.com

*Attorneys for Defendant*, Alethea Tech PTE, Ltd., a Singapore Private Limited Company

## TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT……………………………………………………1

II.  STATEMENT OF FACTS .................................................................................3

     A.   Acceleprise Files a Complaint in New York State Court, Which,
          On its Face, Provides No Facts Relating to the Citizenship of
          its Limited Partners. ............................................................................3

     B.   Acceleprise Serves Process on Alethea in Singapore ...........................3

     C.   Based on the Face of the Complaint and Publicly Available
          Information, Alethea Removes the Case to This Court on the
          Reasonable Belief that Complete Diversity Exists Between the Parties................4

     D.   Alethea Seeks Proof that the Parties are Not Diverse, and
          Acceleprise Belatedly, Begrudgingly, and Repeatedly Provides
          Inadequate Information to Determine Diversity. ....................................5

     E.   Acceleprise Files Motion for Remand and Attorneys' Fees with
          Materially Different Declaration, Containing Additional Information
          Regarding the Canadian LP Never Previously Provided to Alethea.....................7

III. ARGUMENT ....................................................................................................9

     A.   ACCELPRISE IS NOT ENTITLED TO FEES PURSUANT
          TO 28 U.S.C. § 1447(c). .......................................................................9

          i.    Legal Standard ........................................................................9

          ii.   Alethea Had an Objectively Reasonable Belief that this
                Court Had Subject Matter Jurisdiction Because it (1)
                Plead the Correct Standard in its Notice of Removal; and (2) the
                Complaint, on its Face, Was Ambiguous as to
                Acceleprise's Ctizenship.........................................................10

          iii.  Acceleprise is Not Entitled to Fees Based on its Own
                Evasive Conduct in Providing Alethea Repeatedly Inadequate
                Proof of the Existence of the Canadian LP. .............................15

          iv.   Overall Fairness Dictates that Fees Should Not be Awarded...................16

IV.  CONCLUSION ................................................................................................17

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Acceleprise Accelerator Fund III, L.P. v. Alethea Tech PTE Ltd, a Singapore
Private Limited Company,*
Index No. 654374/2024 ..................................................................................................1, 3

*Brice v. Costco Wholesale Corp.,*
No. 23-CV-7857 (GHW), 2024 WL 2783895 (S.D.N.Y. May 28, 2024).............................10

*Capital2Market Consulting, LLC v. Camston Wrather, LLC,*
No. 22 CIV. 7787 (VM), 2023 WL 2366975 (S.D.N.Y. Mar. 6, 2023).................................14

*Casale v. Metro. Transp. Auth.,*
No. 05–CV–4232, 2005 WL 3466405 (S.D.N.Y. Dec. 19, 2005)...........................................4

*Dunkin Donuts of Am. v. Family Enterprises, Inc.,*
381 F.Supp. 371 (D. Md. 1974) ...........................................................................................13

*G & H Partners AG v Wextrust Capital,*
LLC, No. 07-CV-9803 (DLC), 2008 WL 65102 (S.D.N.Y. Jan. 4, 2008)......................12, 13

*Health Care Navigator, LLC v. Quintairos, Prieto, Wood & Boyer, P.A.,*
No. 22 CIV. 2411 (NRB), 2022 WL 16949924 (S.D.N.Y. Nov. 15, 2022)..............11, 12, 15

*Innovative Inflatables, LLC v. Ally Bank,*
602 F.Supp.3d 315 (D. Conn. 2022) ....................................................................................11

*JS Barkats PLLC v. Blue Sphere Corp.,*
No. 16-CV-8404 (RA), 2017 WL 2930935 (S.D.N.Y. July 10, 2017) ..................................11

*Lamassu Holdings, L.L.C. v. Thompson,*
No. 12-CV-3724 (BSJ) (RLE), 2012 WL 13396106 (S.D.N.Y. Oct. 10, 2012) ...................11

*LCF Grp., Inc. v. Columbia Steel, Inc.,*
No. 23-CV-7983 (JMA) (ST), 2024 WL 4393319 (E.D.N.Y. Sept. 17, 2024) .......................9

*Lechky v. Nayar,*
No. 23-CV-1355 (ER), 2023 WL 2808222 (S.D.N.Y. Apr. 6, 2023)....................................15

*Little Rest Twelve, Inc. v. Visan,*
829 F.Supp.2d 242 (S.D.N.Y. 2011)....................................................................................10

*Lower Manhattan Dialysis Ctr., Inc. v. Lantz,*
No. 07 CIV. 6903 (DLC), 2007 WL 2789266 (S.D.N.Y. Sept. 25, 2007)..............................9

*Martin v. Franklin Capital Corp.*,
   546 U.S. 132 (2005) ................................................................................... 9, 15

*May v. Syracuse Univ.*,
   No. 5:23-CV-1405, 2024 WL 4456987 (N.D.N.Y. Oct. 10, 2024) ...................................... 11

*Morgan Guar. Trust Co. v. Republic of Palau*,
   971 F.2d 917 (2d Cir.1992) ...................................................................... 10, 16

*Myers v. Sara Lee Corp.*,
   No. 08-CV-1421(KAM), 2009 WL 1117439 (E.D.N.Y. Apr. 24, 2009) .............................. 16

*Parks Heritage Fed. Credit Union v. Fiserv Sols., Inc.*,
   No. 16-CV-7734 (KBF), 2017 WL 74280 (S.D.N.Y. Jan. 4, 2017) ................................ 10, 14

*In re Standard & Poor's Rating Agency Litig.*,
   23 F.Supp.3d 378 (S.D.N.Y. 2014) ............................................................................. 9

*Syms, Inc. v. IBI Security Services, Inc.*,
   586 F.Supp. 53 (S.D.N.Y. 1984) .............................................................................. 13

*Wilds v. United Parcel Serv., Inc.*,
   262 F. Supp. 2d 163 (S.D.N.Y. 2003) ........................................................................ 9

*Williams v. Int'l Gun-A-Rama*,
   416 F. App'x 97 (2d Cir. 2011) ............................................................................ 9, 14

**Statutes**

28 U.S.C. § 1332 .................................................................................................. 2, 13

28 U.S.C. § 1332(a)(1) ................................................................................................ 4

28 U.S.C. § 1441 ...................................................................................................... 4

28 U.S.C. § 1441(a) .................................................................................................. 4

28 U.S.C. § 1446(a) ............................................................................................... 6, 13

28 U.S.C. § 1446(d) .................................................................................................. 4

28 U.S.C. § 1447(c) ........................................................................................... passim

**Rules**

Federal Rule of Civil Procedure 11 ............................................................................ 6, 13

Defendant Alethea Tech PTE LTD ("Alethea"), by and through its undersigned attorneys, Royer Cooper Cohen Braunfeld LLC, hereby submits the following Response to the Motion to Remand and for Reimbursement of Reasonable Attorneys' Fees Pursuant to 28 U.S.C. § 1447(c) of Plaintiff (the "Motion"), Acceleprise Accelerator Fund III, L.P. ("Acceleprise"), [1] and avers as follows:

## I.    **PRELIMINARY STATEMENT**

On August 23, 2024, Acceleprise sued Alethea in the Supreme Court for the State of New York, New York County, in an action captioned *Acceleprise Accelerator Fund III, L.P. v. Alethea Tech PTE Ltd*, *a Singapore Private Limited Company*, Index No. 654374/2024. Compl. (ECF 1-1, Ex. A). The Complaint asserted that Acceleprise is a Delaware-formed limited partnership, and that Alethea is based in Singapore, but made no assertion as to the citizenship of any of Acceleprise's limited partners nor did it claim that complete diversity did not exist between the parties. *Id.* ¶¶ 14-16.

After many improper attempts to serve process on Alethea in the United States, where Alethea has no presence, Acceleprise served process on Alethea in Singapore, through the Hague Service Convention, in February 2025. Not. of Removal (ECF 1, ¶¶ 2-3).

On March 12, 2025, Alethea filed a Notice of Removal in this Court, removing this action from New York Supreme Court to the United States District Court for the Southern District of New

---

[1] Acceleprise filed a Declaration with the instant Motion that purports to establish the existence of a Canadian L.P. in the Acceleprise Accelerator Fund III, L.P. at the time of filing the Complaint and at the time Alethea filed its Notice of Removal. This is the first sworn document asserting all of these facts that Acceleprise has provided to Alethea. Based on these new statements, Alethea now agrees that this Court does not have subject matter jurisdiction and that remand to New York state court is appropriate but opposes Acceleprise's entitlement to fees pursuant to 28 U.S.C. § 1447(c).

York. Not. of Removal (ECF 1). Removal was based on diversity among the parties pursuant to 28 U.S.C. § 1332. Not. of Removal (ECF 1) ¶ 15.

After removal, Acceleprise asserted that removal was improper because Acceleprise has a foreign limited partner, and since Alethea is a foreign entity, there was not complete diversity between the parties. (ECF 7-1, Ex. A). Alethea requested proof of this assertion (ECF 7-2, Ex. B), and Acceleprise provided a heavily redacted one-page spreadsheet (ECF 7-2, Ex. B) and a sworn declaration purporting to establish the citizenship and residence of the limited partner (ECF 7-3, Ex. C), neither of which addressed whether the limited partner was a member of Acceleprise at the time of removal, and both of which had internal inconsistencies.

Now Acceleprise has filed this Motion requesting that the Court remand this action to the New York Supreme Court and requesting an award of costs and attorneys' fees associated with this application pursuant to 28 U.S.C. § 1447(c). In support of its Motion, Acceleprise asserts that Alethea's Notice of Removal does not contain any allegations regarding the citizenship of Acceleprise's partners, while being fully aware that the identities of its limited partners is confidential information that cannot be accessed by the public. In addition, Acceleprise has attached a declaration to this Motion (the "April 4th Declaration") (ECF-8), that is ***markedly different*** from the declaration it provided to Alethea prior to filing this Motion (the "March 25th Declaration") (ECF 7-3). Indeed, the April 4th Declaration contains all of the information Alethea requested weeks ago, but which Acceleprise declined to provide. Had Acceleprise provided this information when it was requested, Alethea would have voluntarily remanded this case to the New York Supreme Court and there would have been no need for Acceleprise to file the instant Motion and incur the attorneys' fees and costs to which it is now claiming it is entitled.

Therefore, based on the new information provided in the Declaration of Navid Wheeler (ECF 8), Alethea agrees to remand this case to the New York Supreme Court but opposes an award of fees and costs, which would be improper because, among other reasons, Acceleprise did not provide sufficient proof of lack of diversity until filing this Motion.

## II.    STATEMENT OF FACTS

### A.    Acceleprise Files a Complaint in New York State Court, Which, On its Face, Provides No Facts Relating to the Citizenship of its Limited Partners.

On August 23, 2024, Acceleprise filed a complaint in the Supreme Court of the State of New York, County of New York with the caption *Acceleprise Accelerator Fund III, L.P., a Delaware Limited Partnership vs. Alethea Tech PTE Ltd, a Singapore Private Limited Company*, Index No. 654374/2024 (the "Complaint"). The Complaint alleged breach of contract and conversion and sought damages of four million dollars. Compl. (ECF 1-1). The Complaint did not include any description of Acceleprise's membership structure or the citizenship of its members other than to state it was "a Delaware limited partnership[,] and that its management company, Forum Ventures, LLC ("Forum"), was "a Delaware limited liability company" located and doing business in New York. *Id*. ¶¶ 14-16.

### B.    Acceleprise Serves Process on Alethea in Singapore

Alethea is a private limited company formed and headquartered in Singapore. Not. of Removal (ECF 1) ¶ 23. After many improper attempts to serve process on Alethea in the United States, where Alethea has no presence, Acceleprise served process on Alethea in Singapore, through the Hague Service Convention, in February 2025. *Id*. ¶¶ 2-3.

**C.    Based on the Face of the Complaint and Publicly Available Information, Alethea Removes the Case to This Court on the Reasonable Belief that Complete Diversity Exists Between the Parties.**

There is no publicly available information on the identity of the limited partners ("LPs") within Acceleprise Accelerator Fund III, L.P. In fact, as Acceleprise is aware, maintaining the anonymity of LPs is an important feature of private funds. Therefore, pursuant to 28 U.S.C. § 1332(a)(1), because Alethea is a Singapore private limited company and based on the information in Acceleprise's Complaint (that Acceleprise and its managing company, Forum, are both Delaware LLCs), and publicly available information, Alethea reasonably believed that there was complete diversity between the parties. Not. of Removal (ECF 1). Additionally, "the matter in controversy exceed[ed] the sum of $75,000, exclusive of interests and costs[.]" 28 U.S.C. § 1332(a)(1). Therefore, believing both requirements of diversity jurisdiction to be met, pursuant to 28 U.S.C. § 1441, Alethea removed this action from New York state court to the Southern District of New York, "the district and division embracing the place where such action [was] pending[.]" 28 U.S.C. § 1441(a).

Alethea's March 12th Notice of Removal detailed that Forum Ventures, LLC, Acceleprise's management company, "was and remains an entity that is located in and does business in the State of New York" while Alethea "is a private limited company formed in Singapore with a principle place of business at 70 Shenton Way, #11-01, Eon Shenton, Singapore 079118." Not. of Removal (ECF 1) ¶¶ 21-25.  Alethea also detailed the amount of damages, which exceeded $75,000, and finally, stated that notice was being sent to the plaintiff as required by 28 U.S.C. § 1446(d). *Id*. ¶¶ 27-30, 34. Along with the Notice of Removal and required ancillary documents, Alethea filed its Notice of Notice of Removal in New York State Court. NYSCEF Doc. No. 18.  Alethea therefore conducted reasonable inquiry as to the citizenship of the parties and took the proper procedural steps to effectuate removal.

**D.    Alethea Seeks Proof that the Parties are Not Diverse, and Acceleprise Belatedly, Begrudgingly, and Repeatedly Provides Inadequate Information to Determine Diversity.**

On March 13th, counsel for Acceleprise contacted counsel for Alethea via phone, requesting that Alethea withdraw its Notice of Removal because there was a Canadian LP in Acceleprise Accelerator Fund III, L.P., resulting in two non-U.S parties on opposite sides of the dispute, thus destroying complete diversity among the parties. (ECF 7-1, Ex. A), 2. Counsel for Alethea acknowledged this assertion and sought actual proof or evidence that Acceleprise Accelerator Fund III, L.P. in fact did have a Canadian LP at the time of removal. (ECF 7-2, Ex. B), 2. Acceleprise responded to this request on March 19th with a barebones spreadsheet purporting to show the partners as of the date the Complaint was filed, August 23, 2024. However, the spreadsheet did not address whether the purported Canadian LP was a member of Acceleprise as of the time of removal and was therefore insufficient proof. (ECF 7-3, Ex. B), 4.

In addition, the spreadsheet indicated it was generated by Navid Wheeler, General Counsel at Forum Ventures, with an email address of navid@forumvc.com. Forum, however, has a number of different funds in its portfolio. Therefore, it remained unclear whether the Canadian LP was an LP of Fund III (Acceleprise), or of a different fund managed by Forum. *Id*. Because this spreadsheet did not confirm that the LP was an LP of the Acceleprise III Fund nor that the chart was current at the time of removal, Alethea sought additional information on a phone call with counsel for Acceleprise. Had Acceleprise provided the specificity of proof regarding the Canadian LP that it has now provided in this Motion at that time, there would have been no need to file the instant Motion, and Alethea would have agreed to remand this action to New York state court.

Then, on March 25th, Acceleprise attempted to supply the requested proof, although inadequately, by submitting a Declaration from Mr. Wheeler, stating merely that one of Acceleprise's limited partners "is a Canadian citizen" residing in British Columbia, Canada. March

25th Declaration (ECF 7-3), 4. Once again the March 25th Declaration did not address whether the Canadian LP was a member of the Fund at the time of removal. *Id.* In response to this Declaration, Alethea again requested proof that the LP at issue (1) was an existing LP and a Canadian citizen at the time the Complaint was filed; (2) such Canadian LP remains at present an LP; and (3) that such Canadian LP was and remains an LP of Fund III. (ECF 7-4, Ex. D), 4. Instead of providing such proof, counsel for Acceleprise falsely accused counsel for Alethea of not investigating diversity properly before filing removal, and that such investigation somehow requires "call[ing] or email[ing]" opposing counsel before removal.[2] *Id.* at 3. Counsel for Acceleprise further attempted to obfuscate the issue by stating that the information Acceleprise requested "doesn't matter" and "[a]ll that matters is whether that person was an LP at the time of improper removal[,]" therefore apparently conceding that that in order to establish whether diversity exists, Alethea would have needed to know whether the Canadian partner was an LP at least at the time of the removal, a fact which Acceleprise still had not provided, despite repeated requests for the same. *Id.*

Oddly though, after conceding that Alethea would in fact need to know whether the LP was an LP at the time of the removal, counsel for Acceleprise insisted "[t]here is nothing else you

---

[2] Of course, Federal Rule of Civil Procedure 11, (which, as Acceleprise notes, is incorporated into 28 U.S.C. § 1446(a)), certainly does not require counsel for defendant to call counsel for plaintiff to confirm absolutely whether diversity jurisdiction exists prior to removal. Fed. R. Civ. P. 11(b) (Requiring "an inquiry reasonable under the circumstances" prior to filing). Nor does local practice require such an action, for instance, by requiring a certification that counsel "met and conferred" about diversity prior to removal, as is required by certain judges for discovery motions in this Court. But local practice has not laid out such a procedure prior to removal. It is easy to see why neither the Federal Rules, nor local practice, has set out such a rule. Indeed, such a rule would be nonsensical—upon notification of potential removal, plaintiff's counsel could simply destroy diversity prior to removal, by, for instance, adding a partner to an LP or member to an LLC. This type of rule would encourage gamesmanship, which is exactly what the Federal Rules and local practice seek to avoid.

need[.]" *Id.* Counsel for Acceleprise then stated in the email (not by sworn declaration), again without providing actual proof, that "the foreign LP in question was an LP at the time we filed the complaint, at the time your client wrongly removed, and still today." *Id.*

      **E.**      **Acceleprise Files Motion for Remand and Attorneys' Fees with Materially Different Declaration, Containing Additional Information Regarding the Canadian LP Never Previously Provided to Alethea.**

Despite insisting to counsel for Alethea on April 25th that "[t]here is nothing else you need," (*Id.*) on April 9th Acceleprise filed a completely different declaration with this Motion than the one it provided to Alethea (the "April 9th Declaration"). (ECF 8). In fact, the April 9th Declaration provides the exact information that Alethea ***actually*** requested, i.e. that the LP was an LP of Fund III (Acceleprise) at the time of the Complaint and at the time of removal. Specifically, the new Declaration added a paragraph stating, "[t]hat Canadian partner was a limited partner at the time Acceleprise filed its lawsuit in New York state court in August 2024, at the time defendant Alethea Tech Pte Ltd filed its Notice of Remand in this action in March 2025, and at the time I submit this declaration in April 2025." *Id.* ¶ 4.

Indeed, that is not the only change Acceleprise made between the March 25th and April 9th Declarations. Acceleprise also changed the identification of the managing entity of Accelerator Fund III. (*See* chart below for comparison). *Id.* ¶ 1. In just two weeks, Acceleprise went from declaring under oath that one entity is its manager in the March 25th Declaration, while naming another entity as its manager in the April 9th Declaration filed with this Court. This, at the least, suggests inaccurate, disorganized records.

| **March 25th Declaration** | **April 9th Declaration** |
|---|---|
| I am the General Counsel of Forum Ventures, LLC, which is the manager of plaintiff Acceleprise Accelerator Fund III, L.P. ("Acceleprise"). | I am the General Counsel of Forum Ventures, LLC, which is an ***affiliate*** of both plaintiff Acceleprise Accelerator Fund III, L.P. ("Acceleprise") **and Acceleprise's manager, Forum Ventures Management, LLC.** (emphasis added) |
| 3. One of those limited partners is an individual who is a Canadian citizen. That individual resides in British Columbia, Canada.<br><br>I declare under penalty of perjury that the foregoing is true and correct. | 3. One of those limited partners is an individual who is a Canadian citizen. That individual resides in British Columbia, Canada.<br><br>**4. That Canadian partner was a limited partner at the time Acceleprise filed its lawsuit in New York state court in August 2024, at the time defendant Alethea Tech Pte Ltd filed its Notice of Remand in this action in March 2025, and at the time I submit this declaration in April 2025.**<br><br>I declare under penalty of perjury that the foregoing is true and correct. |

If there were truly "nothing else" that Alethea needed, it is odd that Acceleprise would add ***completely new*** information, which Alethea had already requested on March 28th, in the April 9th Declaration, (conveniently) when they filed their Motion for Remand and Attorneys' Fees with this Court. Indeed, had Acceleprise provided this information on March 28th, Alethea would have voluntarily remanded this case to New York state court and there would have been no need for it to file the instant Motion and incur the attorneys' fees and costs to which it is now claiming it is entitled.

## III.  **ARGUMENT**

### A.  **ACCELPRISE IS NOT ENTITLED TO FEES PURSUANT TO 28 U.S.C. § 1447(c).**

#### i.  **Legal Standard**

As the basis for its Motion, Accelprise relies on 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case ***may*** require payment of ***just*** costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). As the italicized language above suggests, "[t]here is no presumption that fees will be awarded with a remand, and the decision to award fees remains an exercise of the court's discretion." *Lower Manhattan Dialysis Ctr., Inc. v. Lantz*, No. 07 CIV. 6903 (DLC), 2007 WL 2789266, at *3 (S.D.N.Y. Sept. 25, 2007) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136-37 (2005).

The United States Supreme Court has warned that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party ***lacks an objectively reasonable basis for seeking removal***." *Martin*, 546 U.S. at 141 (emphasis added).  "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* "A basis for removal is 'objectively reasonable' if the removing party had a colorable argument that removal was proper." *In re Standard & Poor's Rating Agency Litig.*, 23 F.Supp.3d 378, 407 (S.D.N.Y. 2014). In other words, "if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees[.]" *Williams v. Int'l Gun-A-Rama*, 416 Fed.Appx. 97, 99 (2d Cir. 2011) (citations and internal quotations omitted). Based on this precedent, courts in this circuit "frequently decline" to award fees pursuant to § 1447(c). *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003); *see also LCF Grp., Inc. v. Columbia Steel, Inc.*, No. 23-CV-7983 (JMA) (ST), 2024 WL 4393319, at *16 (E.D.N.Y. Sept. 17, 2024), *report and recommendation adopted*, No. 23-CV-07983-JMA-ST, 2024 WL 4390173 (E.D.N.Y. Oct. 3,

2024) ("Courts applying such precedent have been reluctant to award fees in all but the most extreme circumstances.").

Ultimately, the court's discretionary decision to grant attorney's fees "requires application of a test of overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties." *Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir.1992) (internal quotations omitted).

> ii. **Alethea Had an Objectively Reasonable Belief that this Court Had Subject Matter Jurisdiction Because it (1) Plead the Correct Standard in its Notice of Removal; and (2) the Complaint, on its Face, Was Ambiguous as to Acceleprise's Ctizenship.**

This Court has applied a liberal standard for the meaning of an objectively reasonable belief. In fact, when a defendant in its Notice of Removal has simply "alleged facts in support of the correct legal standard" including asserting that the "two basic requirements for diversity jurisdiction… have been met[,]" this Court has declined to award fees for improper removal. *Parks Heritage Fed. Credit Union v. Fiserv Sols., Inc.*, No. 16-CV-7734 (KBF), 2017 WL 74280, at *7 (S.D.N.Y. Jan. 4, 2017). In other words, this Court has explained that "if lack of jurisdiction was not obvious from the face of the removal petition and no other unusual circumstances obtain, a court cannot conclude that an objectively reasonable basis was lacking." *Little Rest Twelve, Inc. v. Visan,* 829 F.Supp.2d 242, 245 (S.D.N.Y. 2011) (citation omitted); *see also Brice v. Costco Wholesale Corp.*, No. 23-CV-7857 (GHW), 2024 WL 2783895, at *7 (S.D.N.Y. May 28, 2024) (denying fee shifting where the lack of jurisdiction was not obvious from the face of the removal petition and thus the defendants had an objectively reasonable basis to remove).

In its Notice of Removal, Alethea provided the two bases required for federal subject matter jurisdiction based on diversity: (1) complete diversity existed between the parties; and (2) the amount in controversy was satisfied. Not. of Removal (ECF 1). Alethea supported its assertions

based on Acceleprise's own Complaint, alleging that "Plaintiff's management company was and remains an entity that is located in and does business in the State of New York[]" and "Defendant Alethea's principal place of business is located in… Singapore" and therefore, there is complete diversity as between citizens of different states. *Id.* ¶¶ 21-23. Additionally, Alethea detailed that the amount in controversy was satisfied based on the approximately four million dollars in damages sought by Acceleprise in its Complaint. *Id.* ¶¶ 27-30. Based on Alethea's Notice of Removal, federal subject matter jurisdiction existed—this demonstrates an objectively reasonable basis for removal.

This Court and other courts in this circuit have also declined to award fees where, on the face of the Complaint, it is not obvious that diversity jurisdiction does not exist, or the citizenship of the entities at issue are unclear. *See, e.g., Health Care Navigator, LLC v. Quintairos, Prieto, Wood & Boyer, P.A.*, No. 22 CIV. 2411 (NRB), 2022 WL 16949924, at *5 (S.D.N.Y. Nov. 15, 2022) (denying fee shifting where plaintiff "did not specify the citizenship of its members in its complaint" and the declaration attached to plaintiff's statement of omitted information was unsupported); *JS Barkats PLLC v. Blue Sphere Corp.*, No. 16-CV-8404 (RA), 2017 WL 2930935, at *5 (S.D.N.Y. July 10, 2017) (declining to award fees for improper removal where "[r]elying on the complaint… Defendants could reasonably infer" that the parties were diverse.); *Innovative Inflatables, LLC v. Ally Bank*, 602 F.Supp.3d 315, 321 (D. Conn. 2022) (declining to award fees where, on the date defendant removed, it believed the parties' citizenship was diverse.); *Lamassu Holdings, L.L.C. v. Thompson*, No. 12-CV-3724 (BSJ) (RLE), 2012 WL 13396106, at *3 (S.D.N.Y. Oct. 10, 2012) (declining to award fees where the Complaint "indicated that the adverse parties are of diverse citizenship" and contained "ambiguous allegations" about the members of the LLC at issue.); *May v. Syracuse Univ.*, No. 5:23-CV-1405, 2024 WL 4456987, at *3 (N.D.N.Y.

Oct. 10, 2024) (declining to award fees where plaintiff's complaint "*on its face* supported complete diversity.").

Acceleprise's Complaint was anything but clear about the citizenship of its limited partners. Acceleprise certainly could have detailed the membership of its limited partners had it wanted to ensure clarity. *See, e.g.*, *Health Care Navigator*, 2022 WL at *5 ("[P]laintiff did not specify the citizenship of its members in its complaint to put defendant on notice of [the LLC members'] current citizenship.") However, Acceleprise did not do so. Instead, it merely stated that Acceleprise is a "a Delaware limited partnership[,] and that its management company, Forum Ventures, LLC is "a Delaware limited liability company with its headquarters in New York…registered as a foreign LLC in New York, and does business in New York as Forum Ventures Management Services, LLC." Compl. (ECF 1-1) ¶¶ 14-15. On its face, this description does not clarify the citizenship of Acceleprise's limited partners and therefore, Alethea could reasonably infer from the face of the Complaint that its limited partners were at least U.S. based, if not based in New York.

Acceleprise attempts to obscure this Court's discretion to decline to award fees based on an "objectively reasonable belief" by citing *G & H Partners AG v. Wextrust Capital, LLC*, for the proposition that "the state of mind or intent of the party removing the action" is irrelevant to the Court's discretion in awarding fees for improper removal, and that instead, it is "the mere absence of subject matter jurisdiction" that matters. Pl. Memo. of Law (ECF 6), 12. This is, at the least, misleading. In *G & H*, the plaintiff's complaint was clear on its face that there was a lack of diversity between the parties, and defendants, in their Notice of Removal, "put forth no allegations even creating a question as to the diversity of the parties," instead attempting to argue that the Second Circuit and U.S. Supreme Court had not ruled that citizenship of an LLC's members is

relevant to diversity—a clearly incorrect statement of law. *G & H Partners AG v Wextrust Capital, LLC*, No. 07-CV-9803 (DLC), 2008 WL 65102, at *2 (S.D.N.Y. Jan. 4, 2008). Taken together, the Court decided that this, "[spoke] to the objectively unreasonable basis for their removal." *Id.* Similarly, in the Maryland case that Acceleprise cites for the same proposition, defendant removed the action to the Maryland District Court despite being a citizen of Maryland, in violation of § 1441(b), and had averred no facts supporting jurisdiction in its Notice of Removal. *Dunkin Donuts of Am. v. Family Enterprises, Inc.*, 381 F.Supp. 371, 373 (D. Md. 1974). Therefore, the Court awarded fees because "lack of jurisdiction was obvious from the face of the petition[.]" In other words, the defendants in these cases either: (1) did not plead any facts supporting diversity in their Notices of Removal; and/or (2) ignored the clear allegations on the face of the Complaint about the citizenship of the parties.

Acceleprise's reliance on *Syms, Inc. v. IBI Security Services, Inc.* for its assertion that an objectively reasonable belief cannot be predicated on a belief in diversity between the parties, is equally unavailing. Pl. Memo. of Law (ECF 6), 12. In that case, the defendant had advanced a patently incorrect legal argument to support diversity jurisdiction, and the Court had specifically warned the parties that "a motion to remand should be avoided if the law on removal jurisdiction is clear[]" prior to the filing of the Notice of Removal. *Syms, Inc. v. IBI Security Services, Inc.*, 586 F.Supp. 53, 55 (S.D.N.Y. 1984). Alethea did not assert an incorrect legal theory—it based its removal on its objectively reasonable belief that diversity existed pursuant to 28 U.S.C. § 1332.

Finally, despite Acceleprise's assertions to the contrary, Alethea was not obligated to perform a meticulous investigation beyond "an inquiry reasonable under the circumstances." *See* § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . .

. .”); Fed. R. Civ. P. 11(b) (Requiring “an inquiry reasonable under the circumstances” prior to filing). Tellingly, Acceleprise cites no actual case law for this proposition (because, indeed, it does not exist). In fact, this Court has said “defendants need not embark on an investigation to discover jurisdictional facts outside the four corners of the pleading.” *Casale v. Metro. Transp. Auth.*, No. 05–CV–4232, 2005 WL 3466405, at *4 (S.D.N.Y. Dec. 19, 2005). Here, the Complaint simply alleges that Acceleprise was a Delaware LP, and that Forum was a Delaware LP with offices in New York. Compl. (ECF 1-1) ¶¶ 14-16. Therefore, Alethea was permitted to rely on these representations in filing its Notice of Removal. However, Alethea also *did* conduct further investigation into the citizenship of Acceleprise and Forum prior to filing its Notice, but, of course, there was no public information available regarding the limited partners.

“Objective reasonableness is evaluated based on the circumstances as of the time that the case was removed.” *Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011) (summary order). As such, this Court has declined to award fees pursuant to § 1447(c) where lack of federal subject matter jurisdiction was based on “facts not necessarily accessible to [defendant] at the time of removal.” *Parks Heritage Fed. Credit Union v. Fiserv Sols., Inc.*, No. 16-CV-7734 (KBF), 2017 WL 74280, at *7 (S.D.N.Y. Jan. 4, 2017); *see also Capital2Market Consulting, LLC v. Camston Wrather, LLC*, No. 22 CIV. 7787 (VM), 2023 WL 2366975, at *6 (S.D.N.Y. Mar. 6, 2023) (suggesting in dicta that had defendant's removal been based on “an elusive fact they could not be certain of in advance,” fees may not have been awarded.) Alethea made a “reasonable inquiry under the circumstances”—it relied on the Complaint as it is permitted to do, and attempted to find further information but was unable to confirm due to the lack of public information on Acceleprise's limited partners.

### iii.    Acceleprise is Not Entitled to Fees Based on its Own Evasive Conduct in Providing Alethea Repeatedly Inadequate Proof of the Existence of the Canadian LP.

Acceleprise argues that fees should be awarded here because it "voluntarily provided additional information regarding the lack of diversity jurisdiction[.]" Pl. Memo. of Law (ECF 6), 17. Had Acceleprise indeed provided Alethea with additional, *sufficient* information, Alethea would have agreed that remand was appropriate, and the instant Motion need not have been filed. However, Acceleprise glosses over its repeated obfuscations and evasions regarding the existence of the Canadian L.P: (1) it did not plead any specifics relating to citizenship of its partners in its Complaint; (2) when asked for specific proof of the existence of the Canadian LP, Acceleprise first provided a spreadsheet devoid of any detail confirming the dates of the existence of the LP., nor confirming whether the Canadian LP was part of Acceleprise or one of Forum's other funds; (3) it provided the March 25th Declaration, which again, did not specify the dates of the existence of the LP (*see* ECF 7-1-4, Exs. A-D); and, finally, (4) it filed the April 9th Declaration with this Court, along with the instant Motion for fees, making materially different representations, including the dates at which the Canadian L.P. existed and clarifying that it was indeed a partner of Acceleprise specifically. *See* April 9th Declaration (ECF 8).

The U.S. Supreme Court has acknowledged that "a plaintiff's …failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 711, 163 L.Ed.2d 547 (2005). This Court has denied fee shifting where plaintiffs have provided defendants inadequate or unsupported information. *See, e.g.*, *Health Care Navigator*, 2022 WL at *5 (denying fee shifting where plaintiff did not specify the citizenship of its members in its complaint and the declaration attached to plaintiff's statement of omitted information was unsupported); *Lechky v. Nayar*, No. 23-CV-1355

(ER), 2023 WL 2808222, at *2 (S.D.N.Y. Apr. 6, 2023) (denying shifting of fees where plaintiff's Complaint made no averments as to his citizenship, defendant did not know his immigration status at the time of removal, and plaintiff's counsel did not notify defendant of plaintiff's change in citizenship after removal).

### iv.   Overall Fairness Dictates that Fees Should Not be Awarded.

"Whether to award attorneys' fees and costs under Section 1447(c) "requires application of a test of overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties." *Morgan Guar. Trust Co.*, 971 F.2d at 924 (internal quotation omitted). In making this discretionary decision, courts in the Second Circuit weigh considerations including whether, at the time of removal, the defendant had an "objectively reasonable basis for seeking removal," whether its conclusions regarding remand were "not obvious from the face of the case and did not arise due to bad faith or a change in position by defendant," whether, overall, the defendant had "valid, but mistaken" reasons for removal, and, finally whether the removal had "such a negative effect on the plaintiff as to require payment of [plaintiff's] costs and fees." *Myers v. Sara Lee Corp.*, No. 08-CV-1421(KAM), 2009 WL 1117439, at *1 (E.D.N.Y. Apr. 24, 2009). This Court has held that such a negative effect existed, for example, when litigation lasted for five years, and defendant changed its position on appeal. *Morgan Guar. Tr. Co.,* 767 F.Supp. at 564, *aff'd*, 971 F.2d 917 (2d Cir. 1992)

At the time of removal, Alethea had a reasonable belief in the diversity of the parties based on the face of Acceleprise's Complaint, a belief which it adequately plead in its Notice of Removal. Additionally, Alethea's removal did not arise from any bad faith, and it has had little to no effect on plaintiff other than a slight delay in proceedings. As such, Acceleprise is not entitled to fees pursuant to § 1447(c).

## IV.    CONCLUSION

For the foregoing reasons, Alethea respectfully requests that the Court deny Plaintiff's Motion for Reasonable Attorneys' Fees.

Respectfully Submitted,

Dated: April 23, 2025                    /s/ Barry L. Cohen
                                         Barry L. Cohen, Esquire
                                         Royer Cooper Cohen Braunfeld LLC
                                         Three Logan Square
                                         1717 Arch Street, 47th Floor
                                         Philadelphia, PA 19103
                                         484-362-2628 (tel)
                                         484-362-2630 (fax)
                                         bcohen@rccblaw.com

                                         *Attorneys for Defendant,* Alethea Tech PTE,
                                         Ltd., a Singapore Private Limited Company

## __WORD COUNT CERTIFICATION__

Plaintiff's foregoing Memorandum of Law contains 4,970 words (including the text, headings, footnotes, and quotations, but excluding the table of contents, table of authorities, case caption, signature block, and certificate of service) and therefore complies with the 8,750-word limit set forth in Local Rule 7.1(c).

Dated: April 23, 2025                    /s/ Barry L. Cohen
                                         Barry L. Cohen, Esquire
                                         Royer Cooper Cohen Braunfeld LLC
                                         Three Logan Square
                                         1717 Arch Street, 47th Floor
                                         Philadelphia, PA 19103
                                         484-362-2628 (tel)
                                         484-362-2630 (fax)
                                         bcohen@rccblaw.com

                                         *Attorneys for Defendant,* Alethea Tech PTE,
                                         Ltd., a Singapore Private Limited Company

17

**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ACCELEPRISE ACCELERATOR FUND III, L.P., a Delaware Limited Partnership,<br><br>      *Plaintiff,*<br><br>      v.<br><br>ALETHEA TECH PTE LTD, a Singapore Private Limited Company,<br><br>      *Defendant.* | :<br>:<br>:<br>:<br>:<br>:    Civil Action No.:<br>:<br>:<br>:<br>:<br>:<br>: |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Reimbursement of Reasonable Attorneys' Fees Pursuant to 28 U.S.C. § 1447(c) to be filed electronically on the Court's ECF system; and it is therefore available for viewing and downloading to all counsel of record for Plaintiff, Acceleprise Accelerator Fund III, L.P.

Respectfully submitted,

**ROYER COOPER COHEN BRAUNFELD LLC**

Dated: April 23, 2025            By: *<u>/s/ Barry L. Cohen</u>*
                                       Barry L. Cohen, Esquire