USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__11/7/25__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ACCELEPRISE ACCELERATOR FUND III, L.P.,

                       Plaintiff,

         - against -

ALETHEA TECH PTE LTD,

                       Defendant.

**25 Civ. 2066 (VM)**

**DECISION AND ORDER**

---

**VICTOR MARRERO, United States District Judge.**

Plaintiff Acceleprise Accelerator Fund III, L.P. ("Acceleprise"), brought this action against defendant Alethea Tech PTE Ltd ("Alethea") in the Supreme Court of New York, New York County ("State Court") on August 23, 2024. (See "State Court Complaint," Dkt. No. 1-1.) On March 12, 2025, Alethea timely removed the case from State Court to this Court under 28 U.S.C. § 1441(b) on the ground that this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 ("Section 1332"). (See "Notice of Removal," Dkt. No. 1.) Acceleprise now moves, under 28 U.S.C. § 1447(c) ("Section 1447"), to remand this action to the State Court and for an award of attorneys' fees incurred in connection with its motion to remand. (See Dkt. Nos. 5, 6, 15.) Alethea consents to remand, conceding that the parties lack complete diversity and that there is therefore no basis for federal jurisdiction, but opposes the award of attorneys' fees. (See

Dkt. No. 12 at 2-3.) The case will be remanded. Because the Court finds that Alethea lacked an objectively reasonable basis for removing this action, Acceleprise's motion for attorneys' fees is granted.

## I.    BACKGROUND

On August 23, 2024, Acceleprise brought this action against Alethea in New York State Court, alleging breach of contract and conversion. (See State Court Complaint.) Acceleprise is a limited partnership investment fund. (See id. at ¶ 1.) Alethea is a Singapore-based technology company in which Acceleprise invested. (See id. at ¶¶ 3-4.)

On March 12, 2025, Alethea removed this action to this Court, alleging that this Court has diversity jurisdiction under Section 1332. (See Notice of Removal at 3-5.) Acceleprise now moves to remand, arguing that this Court does not have diversity jurisdiction over this matter because one of Acceleprise's limited partners is a Canadian citizen and Alethea is a limited company of similarly foreign citizenship. (See Dkt. No. 6 at 8-11.) Acceleprise also moves for an award of attorneys' fees pursuant to Section 1447(c). (See id. at 11-14.) Alethea consents to remand, agreeing that this Court lacks subject matter jurisdiction over the action, but opposes the award of attorneys' fees. (See Dkt. No. 12 at 2-3.)

## II.  **DISCUSSION**

A.  REMAND TO STATE COURT

As both parties now agree, diversity of citizenship does not exist to support the exercise of federal jurisdiction over this action because one of Acceleprise's limited partners is a foreign citizen and Alethea is a foreign entity. See, e.g., Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002). Accordingly, this case will be remanded.

B.  AWARD OF ATTORNEYS' FEES

Under Section 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under [Section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005). The Second Circuit has stated that a defendant lacks an objectively reasonable basis for seeking removal where "clearly established law . . . foreclose[d] [the] defendant's basis for removal." Williams v. Int'l Gun-A-Rama, 416 F. App'x 97, 99 (2d Cir. 2011) (quoting Lott v. Pfizer, Inc., 492 F.3d 789, 793 (7th Cir. 2007)). In determining whether to grant a request for attorneys' fees

under Section 1447(c), the Court must consider "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party" as well as "Congress's basic decision to afford defendants a right to remove as a general matter." Martin, 546 U.S. at 140.

Although a close call, Alethea lacked an objectively reasonable basis for removal. It is well established that the citizenship of a limited partnership for purposes of diversity jurisdiction is determined by the citizenship of its partners. See, e.g., Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 615 (2d Cir. 2019) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990)); Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000). Alethea recognized as much in its notice of removal. (See Notice of Removal at 3.) But Alethea failed to include in its notice of removal any allegations as to the citizenship of Acceleprise's partners. Given the long-established standard for the citizenship of limited partnerships for diversity purposes – a standard of which Alethea's counsel should have been and was in fact aware – this Court cannot say that Alethea had an "objectively reasonable basis" for seeking removal. Martin, 546 U.S. at 141.

Additionally, an award of attorneys' fees here serves
the purpose of "deter[ring] removals sought for the purpose
of prolonging litigation and imposing costs on the opposing
party." Martin, 546 U.S. at 140. The day after Alethea filed
its notice of removal on March 12, 2025, Acceleprise informed
Alethea that removal was improper due to the existence of
Acceleprise's Canadian limited partner. (See Dkt No. 7 at
¶ 9; Dkt. No. 7-1.) Following Alethea's request for
additional information, Acceleprise provided Alethea with a
spreadsheet identifying one of its limited partners as having
Canadian citizenship and a sworn declaration attesting to the
Canadian citizenship and residence of the limited partner.
(See Dkt. Nos. 7-2, 7-3.)  Despite the information provided
by Acceleprise, Alethea did not consent to remand until its
April 23, 2025, Response to Acceleprise's Motion. (See Dkt.
No. 12.) Alethea's actions in prolonging litigation following
its improper removal support an award of attorneys' fees. See
Prescia v. U.S. Life Ins. Co., No. 10-CV-2518, 2011 WL 70569,
at *2 (S.D.N.Y. Jan. 6, 2011).

Alethea offers two arguments as to why an award of
attorneys' fees is not warranted. First, Alethea argues that
its assertion of diversity jurisdiction as the basis for
removal was reasonable as it relied on statements in
Acceleprise's State Court Complaint that Alethea is a foreign

company and Acceleprise is a "Delaware limited partnership"
whose management company "was and remains an entity that is
located in and does business in the State of New York." (See
id. at 10-11.) Given those allegations, Alethea argues, it
was not required to look beyond the Complaint in asserting
that diversity of citizenship existed. (See id. at 11-12,
14.)

Courts in this District have denied requests for
attorneys' fees following improper removal where "relying on
the complaint . . . [d]efendants could reasonably infer" that
the parties were diverse. JS Barkats PLLC v. Blue Sphere
Corp., No. 16-CV-8404, 2017 WL 2930935, at *5 (S.D.N.Y. July
10, 2017); see Lamassu Holdings, L.L.C. v. Thompson, No. 12-
CV-3724, 2012 WL 13396106, at *3 (S.D.N.Y. Oct. 10, 2012).
But, given the clearly established standard for the
citizenship of limited partnerships, the allegations in
Acceleprise's State Court Complaint did not support an
inference that diversity of citizenship existed here. As one
circuit court succinctly put it, "there is no such thing as
'a [state name] limited partnership' for purposes of . . .
diversity jurisdiction." Guar. Nat. Title Co. v. J.E.G.
Assocs., 101 F.3d 57, 59 (7th Cir. 1996). Further, Alethea
did not allege what relevance the location of Acceleprise's
management company had to Acceleprise's citizenship.

6

Alethea's reliance on the allegations in Acceleprise's State Court Complaint therefore was not reasonable.

Second, Alethea argues that it would have consented to remand earlier - thus avoiding the need for the current Motion - had Acceleprise earlier confirmed that it had a Canadian limited partner at the time Acceleprise filed its complaint in State Court and at the time Alethea filed its notice of removal. (See Dkt. No. 12 at 15.) Alethea argues that Acceleprise evaded its requests for this information and only confirmed the status of its Canadian limited partner in a declaration filed at the same time as the current Motion. (See id.; Dkt. No. 8.)

Alethea's argument is wrong on two fronts. First, it was the responsibility of Alethea, not Acceleprise, to ensure that removal was proper, as it was the party asserting federal jurisdiction. See, e.g., Prescia v. U.S. Life Ins. Co., No. 10-CV-2518, 2010 WL 4344561, at *3 (S.D.N.Y. Nov. 1, 2010). Second, even if that were not the case, Acceleprise provided Alethea with the information it requested at least as early as March 28, 2025. In an email sent on that day, counsel for Acceleprise informed Alethea's counsel that "the foreign [limited partner] in question was [a limited partner] at the time we filed the complaint, at the time your client wrongly removed, and still today." (Dkt. No. 7-4.) That is the exact

7

information provided in the declaration that Alethea now concedes makes clear that its removal was improper. (See Dkt. Nos. 8, 12 at 2-3.)

Alethea removed this case without any reference to the citizenship of Acceleprise's partners. That decision lacked an objectively reasonable basis. See Mosher v. Davita Healthcare Partners Inc., No. 15-CV-7594, 2016 WL 2997509, at *4 (S.D.N.Y. May 23, 2016). Further, Alethea withheld its consent to remand despite knowledge of facts that it now admits render removal clearly improper. Accordingly, Acceleprise's motion for attorneys' fees will be granted.

### III. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the motion of plaintiff Acceleprise Accelerator Fund III, L.P. ("Acceleprise"), to remand (Dkt. No. 5) is **GRANTED**. It is further

**ORDERED** that Acceleprise's motion for reasonable attorneys' fees pursuant to 28 U.S.C. § 1447(c) is **GRANTED**. Within fourteen (14) days of this Order, Acceleprise shall file an affidavit setting forth the attorneys' fees reasonably incurred in connection with its motion to remand, supported by documentation. Alethea Tech PTE Ltd shall file any opposition to that submission within seven (7) days of the date Acceleprise files such affidavit. This Court will

retain jurisdiction over this matter for the purpose of determining the appropriate amount of attorneys' fees.

The Clerk of Court is respectfully directed to close the motion at Docket No. 5 and to remand this case to the Supreme Court of New York, New York County.


**SO ORDERED.**

Dated:    7 November 2025
          New York, New York

_____
          Victor Marrero
          U.S.D.J.