USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_5/27/2026_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ACCELEPRISE ACCELERATOR FUND III,
L.P.,

                Plaintiff,

       - against -

ALETHEA TECH PTE LTD,

                Defendant.

**25 CV 2066 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Plaintiff Acceleprise Accelerator Fund III, L.P. ("Acceleprise"), brought this action against defendant Alethea Tech PTE Ltd ("Alethea") in the Supreme Court of New York, New York County on August 23, 2024. (See Dkt. No. 1-1.) On March 12, 2025, Alethea timely removed the case from State Court to this Court under 28 U.S.C. § 1441(b) on the ground that this Court had diversity jurisdiction over the action under 28 U.S.C. § 1332. (See Dkt. No. 1.) On November 7, 2025, this Court granted Acceleprise's motion, pursuant to 28 U.S.C. § 1447(c) ("Section 1447"), to remand this action to State Court along with Acceleprise's motion, pursuant to 28 U.S.C. § 1447(c), for an award of attorneys' fees incurred in connection with its motion to remand (together, the "Remand and Fee Motion"). (See Dkt. No. 16.)

1

Now pending before the Court is Acceleprise's application for attorneys' fees and costs (the "Fee Petition"), seeking a total of $71,578.07 in connection with its Remand and Fee Motion. (See "Curran Declaration" or "Curran Decl.," Dkt. No. 17 ¶ 13.) For the reasons discussed below, Acceleprise's Fee Petition is GRANTED IN PART and DENIED IN PART.

## I.    BACKGROUND

The Court presumes the parties' familiarity with the facts of this case, which are explained in greater detail in the Court's prior ruling granting Acceleprise's Remand and Fee Motion. (See Dkt. No. 16.) On November 11, 2025, in support of the Fee Petition, Acceleprise's counsel, Anderson Kill, P.C. ("Anderson Kill"), submitted a declaration setting forth the attorneys and paralegals who worked on the matter, their hourly rates, hours billed, and the attorneys' seniority levels and experience. (See Curran Decl.) The declaration also included billing records detailing the firm's work on behalf of Acceleprise. (See Curran Decl. Exs. A-C.) On November 26, 2025, counsel for Alethea, Royer Cooper Cohen Braunfeld, LLC ("Royer Cooper"), filed a declaration in opposition. (See "Cohen Declaration" or "Cohen Decl.," Dkt. No. 18.)

2

## II.  <u>LEGAL STANDARD</u>

Pursuant to Section 1447, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under [Section 1447] only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Cap. Corp.</u>, 546 U.S. 132, 141 (2005).

A district court has "considerable discretion" in determining what constitutes a reasonable fee award. <u>De La Cruz Moreno v. Happy Angel Nail Spa Inc.</u>, No. 15-CV-10078, 2019 WL 2438966, at *10 (S.D.N.Y. June 12, 2019) (citation omitted). "A district court calculates the presumptively reasonable fee by multiplying the reasonable number of hours that the case requires by the reasonable hourly billing rate." <u>Gamero v. Koodo Sushi Corp.</u>, 328 F. Supp. 3d 165, 172 (S.D.N.Y. 2018) (citation omitted). "[A] district court should exclude excessive, redundant or otherwise unnecessary hours[.]" <u>Quaratino v. Tiffany & Co.</u>, 166 F.3d 422, 425 (2d Cir. 1999); <u>see also</u> <u>Palmer v. County of Nassau</u>, 977 F. Supp. 2d 161, 170 (E.D.N.Y. 2013) ("[T]he Court must assess the reasonableness of the time expended and adjust those portions

of an invoice that reflect excessive, redundant or otherwise unnecessary hours." (citation and quotation marks omitted)).

The party seeking attorneys' fees "bear[s] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011) (citation omitted); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.").

### III. **DISCUSSION**

Acceleprise seeks $71,523 in attorneys' fees for 44.5 hours of Douglas Curran's ("Curran") time at $1,085 per hour, 41.5 hours of Joshua Zelen's ("Zelen") time at $535 per hour, 0.6 hours of Jonathan Kortmanksy's ("Kortmansky") time at $1,085 per hour, and 1.8 hours of Giselle Pinas's ("Pinas") time at $215 per hour. (See Curran Decl. ¶¶ 10-11.) Acceleprise also seeks $55.07 in costs, bringing the total amount of fees and costs requested to $71,578.07. (See id. ¶¶ 12-13.)

#### A.    REASONABLE RATES

The "presumptively reasonable fee" is "the lodestar" – "the product of a reasonable hourly rate and the reasonable

number of hours required by the case." Millea v. Metro-North R. Co., 658 F.3d 154, 166 (2d Cir. 2011). "Attorney's fees must be reasonable in terms of the circumstances of the particular case[.]" Alderman v. Pan Am World Airways, 169 F.3d 99, 102 (2d Cir. 1999). A reasonable hourly rate is based on "the prevailing market rate for lawyers in the district in which the ruling court sits." Anthony v. Franklin First Fin., Ltd., 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012) (citation omitted); see also McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund, 450 F.3d 91, 96 (2d Cir. 2006) (finding that a reasonable hourly rate is one that aligns with rates prevailing "in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation" (citation and quotation marks omitted)).

To determine the prevailing market rate, "[t]he rates used by the court should be current rather than historic hourly rates." Reiter v. MTA N.Y. City Transit Auth., 457 F.3d 224, 232 (2d Cir. 2006). Additionally, "courts may conduct an empirical inquiry based on the parties' evidence or may rely on the court's own familiarity with the rates if no such evidence is submitted." Wong v. Hunda Glass Corp., 09-CV-4402, 2010 WL 3452417 at *3 (S.D.N.Y. Sept. 1, 2010).

Here, while Alethea's counsel notes that Curran's hourly rate is "1/3 higher" than what they charge, Alethea does not contest the hourly rates set forth by Acceleprise's counsel – stating that "Defendant leaves the decision as to whether the hourly rate charged by Curran is reasonable to the Court's discretion." (Cohen Decl. at 4 n.1.) The Court finds that the hourly rates at issue are in line with both the prevailing market rates in this District and the rates charged by attorneys of similar experience and expertise.

Curran and Kortmansky – who each charge $1,085 per hour – are co-chairs of Anderson Kill's Financial Litigation & Complex Disputes practice group and have been practicing law for more than fifteen and thirty years, respectively. (See Curran Decl. ¶¶ 44-45.) The Court finds that their hourly rate is reasonable and accords with rates charged by other attorneys of similar experience in this District. See, e.g., Vista Outdoor Inc. v. Reeves Fam. Tr., No. 16-CV-5766, 2018 WL 3104631, at *6 (S.D.N.Y. May 24, 2018) (finding reasonable hourly billing rates of $1,170.00 in 2016, $1,165.00 in 2016, $1,195.00 in 2017, and $1,260.00 in 2018); MSC Mediterranean Shipping Co. Holding S.A. v. Forsyth Kownacki LLC, No. 16-CV-8103, 2017 WL 1194372, at *3 (S.D.N.Y. Mar. 30, 2017) (finding reasonable hourly billing rate of $1,048.47 charged

by partners at Gibson Dunn from 2016-2017); United States Bank Nat'l Ass'n v. Dexia Real Estate Capital Mkts., No. 12-CV-9412, 2016 WL 6996176, at *8 (S.D.N.Y. Nov. 30, 2016) (finding reasonable hourly billing rates up to $1,055).

The Court also finds reasonable the rates Anderson Kill charged for work completed by Zelen, an associate attorney with a rate of $535 per hour, and Pinas, a paralegal with a rate of $215 per hour. See, e.g., MSC Mediterranean, 2017 WL 1194372, at *3 (approving rates ranging from $569 to $627 for associates for work performed in 2017); An v. Despins, No. 22-CV-10062, 2024 WL 1157281, at *2 (S.D.N.Y. Mar. 18, 2024) (approving rates ranging from $796 to $895 for associates for work performed in 2022 and 2023); Laba v. JBO Worldwide Supply Pty Ltd, No. 20-CV-3443AKHKHP, 2023 WL 4985290, at *14 (S.D.N.Y. July 19, 2023), report and recommendation adopted sub nom. Laba v. JBO Worldwide Supply Pty Ltd., No. 20-CV-3443, 2024 WL 550252 (S.D.N.Y. Feb. 12, 2024) (finding that paralegal rates of "$250-$275 an hour [wa]s not unreasonable or excessive in light of rates awarded in this District"); Lisa Lombardo v. JPMorgan Chase Bank, N.A., No. 20-CV-6813, 2026 WL 1223312, at *6 (S.D.N.Y. May 4, 2026) (approving paralegal rates of $200 per hour).

Accordingly, the Court approves the following hourly billing rates: Curran at $1,085 per hour, Zelen at $535 per hour, Kortmanksy at $1,085 per hour, and Pinas at $215 per hour.

B.    REASONABLE HOURS

Once a reasonable rate of pay has been calculated, courts next multiply that figure by a reasonable number of hours expended to determine the award amount. See H.A. v. New York City Dep't of Educ., No. 20-CV-10785, 2022 WL 580772, at *3 (S.D.N.Y. Feb. 25, 2022). The Court has the discretion to disregard hours viewed as "excessive, redundant, or otherwise unnecessary." Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009) (citation and quotation marks omitted). To determine the reasonableness of hours spent on a matter, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award" by a reasonable percentage. Hensley, 461 U.S. at 436–37; see also McDonald, 450 F.3d at 96 ("A district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application.").

Acceleprise requests fees incurred in connection with both its Remand and Fee Motion and its work in preparing the Fee Petition. In connection with the Remand and Fee Motion,

Acceleprise details a total of 88.4 expended hours: 44.5 hours by Curran, 41.5 hours by Zelen, 0.6 hours by Kortmansky, and 1.8 hours by Pinas. (See Curran Decl. ¶ 10, Exs. A-C.) As set forth in Curran's declaration in support of the Remand and Fee Motion, Anderson Kill spent 31.8 of those attorney billable hours up to the date of that filing. (See Dkt. No. 7 ¶ 24.) The firm billed an additional 56.6 hours post-submission, including for time spent reviewing Alethea's opposition brief and preparing a reply. (See Curran Decl. Exs. A-C.)

Acceleprise argues that the hours spent litigating the Remand and Fee Motion are reasonable because Alethea, despite conceding the remand merits, filed a "lengthy opposition brief that contained a number of factually incorrect assertions and legally deficient arguments," forcing counsel to conduct "substantial legal research and analysis of the factual record" and ultimately resulting in Acceleprise incurring "the fees associated with that additional work." (Curran Decl. ¶¶ 23, 53.)

The Court finds that the total amount of hours - 88.4 - spent on this motion is excessive. As Alethea notes, "district courts across this Circuit hesitate to reimburse plaintiffs' attorneys for more than about 30 hours spent on relatively

9

uncomplicated motions to remand." Samuel v. Town of Cheektowaga, No. 09-CV-381A, 2010 WL 411090, at *2 (W.D.N.Y. Jan. 25, 2010); see also Alexander v. Amchem Prods., Inc., No. 07-CV-6441, 2008 WL 1700157, at *8 (S.D.N.Y. Apr. 3, 2008) (reducing compensated hours from 31.5 to 21); Greenidge v. Mundo Shipping Corp., 60 F. Supp. 2d 10, 13 (E.D.N.Y. 1999) (reducing by 35% the claimed number of hours worked on a remand motion, from 51.25 to 33.25); MB Fin. Bank, N.A. v. 56 Walker, LLC, No. 11-CV-5538, 2011 WL 6338808, at *4 (S.D.N.Y. Dec. 19, 2011) (reducing by 40% the 51 hours claimed by attorneys working on remand motion); Gen. Elec. Cap. Corp. v. Cutler, No. 15-CV-4420, 2015 WL 7444627, at *6 (S.D.N.Y. Nov. 23, 2015) (finding excessive a total of 54.4 hours spent on a motion to remand).

Still, the Court accounts for the circumstances and reasons for the work performed: in this case, it was "largely the actions of [Alethea] that dictated the kinds of work and the amount of work undertaken by [Acceleprise's] counsel." Google LLC v. Starovikov, No. 21-CV-10260, 2023 WL 2344935, at *3 (S.D.N.Y. Mar. 3, 2023). As Acceleprise points out, Alethea consented to the remand, thus focusing its opposition brief on the tangential issue of attorneys' fees. Acceleprise was forced to respond, incurring charges for additional

billable hours. Acceleprise argues that "Alethea should not be permitted to pursue an aggressive and multifaceted litigation strategy against Acceleprise, and then claim that it should not bear responsibility for the fees Acceleprise was forced to incur in response." (Curran Decl. ¶ 55.)

The Court agrees and, thus, is unpersuaded by Alethea's argument that the Court should apply an "upper limit" of thirty hours for litigating the Remand and Fee Motion. (Cohen Decl. ¶ 32.) Nevertheless, the Court also finds excessive the 88.4 total hours billed. Accordingly, the Court reduces the billable hours in connection with the Remand and Fee Motion by twenty-five percent.[1] See, e.g., Green v. City of New York, 403 F. App'x 626, 630 (2d Cir. 2010) ("[W]e have recognized the authority of district courts to make across-the-board percentage cuts in hours as a practical means of trimming fat from a fee application." (citation and quotation marks omitted)).

---

[1] Acceleprise also requests fees incurred in preparing the Fee Submission "in the amount [the Court] deems appropriate in the circumstances." (Curran Decl. ¶ 60.) The Court is persuaded that Acceleprise should be awarded fees for time spent in connection with the Fee Petition. See Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1184 (2d Cir. 1996) (awarding attorneys' fees for time incurred in litigating the fee claim). However, the Court declines to award separate fees and has instead accounted for this circumstance when determining the overall percentage reduction.

C.    COSTS

Finally, as for costs, Acceleprise seeks $55.07 for FedEx Shipping fees incurred in connection with its remand motion. Awards of attorneys' fees and costs "include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998).

Here, the costs Acceleprise seeks to recover were reasonably necessary to counsel's representation and are regularly included as part of awards in this District. See, e.g., Reisman v. Ne. Power & Gas LLC, 720 F. Supp. 3d 279, 295 (S.D.N.Y. 2024) (awarding costs for FedEx shipping); Patsy's Brand, Inc. v. I.O.B. Realty, Inc., No. 99-CV-10175, 2025 WL 3012879, at *4-5 (S.D.N.Y. Oct. 28, 2025) (same).

\* \* \*

In summary, the Court awards the following attorneys' fees and costs:

| Remand and Fee Motion | | | | |
|---|---|---|---|---|
| | Hours Worked | Hours After 25% Reduction | Hourly Rate | Fees Awarded |
| Curran | 44.5 | 33.375 | $1,085 | $36,211.88 |
| Zelen | 41.5 | 31.125 | $535 | $16,651.88 |
| Kortmansky | 0.6 | 0.45 | $1,085 | $488.25 |
| Pinas | 1.8 | 1.35 | $215 | $290.25 |
| **TOTAL** | | | | **$53,642.26** |

| Total Fees and Costs | |
|---|---|
| Fees Awarded | $53,642.26 |

| Costs Awarded | $55.07 |
|---|---|
| **TOTAL** | **$53,697.33** |

## IV.   ORDER

For the reasons stated above, it is hereby

**ORDERED** that plaintiff Acceleprise Accelerator Fund III, L.P.'s ("Acceleprise") Fee Petition (Dkt. No. 17) is **GRANTED IN PART** and **DENIED IN PART**. The Court awards Acceleprise reasonable attorneys' fees of $53,642.26 and costs of $55.07, for a total award of $53,697.33. Acceleprise shall certify in writing to the Court when it has received the required payments.


**SO ORDERED.**

Dated:    27 May 2026
          New York, New York

                                    Victor Marrero
                                    U.S.D.J.

13